McIlvaine, C. J.
There is no doctrine of the law settled' more firmly than the rule which authoi-izes issues of fact in civil cases to be determined in accordance with the preponderance or weight of the evidence. The reason of the rule no doubt is, that as between man and man, where a loss must fall upon one or the other, it is right that the law should cast it upon him who is shown to have been the-cause of the loss, by proof establishing the reasonable probability of the fact.
But in criminal cases, where compensation for the injury done is not an element, the rule may well be, and is, different. In these eases, where the sole object of the prosecution is punishment, a humane principle is introduced, which requires that the guilt of the accused should be proved beyond a reasonable doubt. This principle is often expressed in the maxim, “ It is better that ninety and nine guilty persons should go acquit, than that one innocent person should be punished.”
It is claimed, however, by the plaintiffs in error (defendants below), that civil actions, wherein fraud amounting to a criminal offense is directly in issue, are excepted from the-rule above stated; and that in such cases the rule of the criminal law applies. And they further claim, that the facts in issue in the case below, constituting the fraud alleged against them, amounted to the crime of forgery. Whether forgery could have been committed by altering the paper referred to in the pleadings, or whether the alteration alleged to have been made by the defendants below amounted to the crime of forgery, are questions we need not *5 -stop to answer, as we are satisfied, in any event, that the issue of fraud, as made in this case, did not take it out of the operation of the general rule applicable to the trial of ■civil issues. If there be any exception to the rule, of the kind claimed, it is limited to cases where it is necessary, in ■order to maintain the issue made, to prove that a crime was in fact committed; as, for instance, in justification of a slander imputing a crime.
We have no occasion now to question the existence of su ch limited exception, but I may be permitted to say that .all argument and all authority are not in its favor. It was ■denied, with great reason, in Munson v. Atwood, 80 Conn. 102—an action, under a statute, to recover treble damages for property feloniously taken and carried away.
We are aware that an exception to the rule, broader than we have stated it above, has been recognized in a few insurance cases. 16 Ohio, 324; 2 Greenl. Ev., see. 408. It has been held, however, to the contrary, in other well-considered ■cases. 1 Gray, 529; 1 La. Ann. 216.
What the rule may be in insurance cases we need not now determine, further than to say that if there be no ground of distinction between them and other civil cases, it is extremely doubtful whether, as to them, there is any exception to the general rule; as it is quite certain that an insurer ■ may successfully defend, in an action on his policy, on the ground of gross or willful misconduct on the part of the insured, which does not amount to criminal conduct.
We think it is going to the verge of the law, to hold that ,an issue of fact, in a civil case, must be proved beyond a reasonable doubt, even where a charge of crime is directly made, and where, also, it is necessary that it be made in order to sustain the claim or the. defense; as it is difficult to see how a person, who wrongs another without criminal intent, and is liable in damages on a mere preponderance of the evidence, can shelter himself from liability, behind a .reasonable doubt, by merely adding to the wrongful act a criminal purpose. Of course, we are not now speaking of ■those enormous crimes, where all personal injury is merged *6 in the public wrong; nor do we intimate that in all civil actions the issues should be determined by a mere preponderance of the testimony offered on the trial, however slight. "Where the facts charged involve moral turpitude, there is a presumption of innocence which stands as evidence in favor of the party charged; and the more heinous the offense, the stronger the presumption. It is only where the testimony, when considered in connection with the presumptions of law arising in the case, preponderates in favor of the charge that its truth should be found; but when so considered, by discreet and reasonable triers, the issue should be determined in accordance with the preponderance, although it may not be said that the proof has removed all reasonable doubts.
The conclusion, therefore, to which we have come, is this:, that whatever may be the rule in civil cases, where the claim or defense can be established only by averment and proof that a crime has in fact been committed, in all other civil eases the issue should be determined by the weight or preponderance of the evidence, whether it be or be not suffU cient to remove all reasonable doubts.
How then stands this ease ? It was not necessary, in order to maintain the issue on his part, that the plaintiff below should have proved, nor was it necessary for him to aver in his pleadings, that the alteration in the written proposal for bids, was a forgery within the meaning of the crimes act. Indeed, the consequences of the alteration were the same to him, and to his case, whether there was or was not such a crime as forgery known to the criminal law. It was only material for him to show that the altered paper was fraudulently used by the defendants as a means-to obtain from him a change in the contract. "Whether the alteration had been innocently or feloniously made, was of no direct importance. The material question in issue was this : Did the defendants fraudulently obtain from the plaintiff the modification of the contract as subsequently agreed to by him ?
This case comes within the principle decided in the case- *7 of Strader v. Mulvane et al., 17 Ohio St. 624. There was no error in the refusal to charge, or the charge as given by the Court of Common Pleas.

Motion overruled.

Welch, White, Rex, and Gilmore, JJ., concurred.